IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| IN RE: <br> WALTER JASON PURKHISER, <br><br> Petitioner, | CV 22-105-GF-BMM <br><br><br> ORDER |

Petitioner Walter Jason Purkhiser ("Purkhiser"), a state prisoner proceeding without counsel, filed a petition for writ of habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1.) The petition appears to challenge Youth in Need of Care proceedings that occurred in Montana's Eighth Judicial District, Cascade County. (*Id*. at 2–3.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Section 2254 Rules"), a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."

Purkhiser alleges that his attorney inadequately represented him by failing to file documents that would show he was a good parent to this child. (Doc. 1 at 4.) He also seems to allege that the prosecuting attorney and the Department of Family Services withheld documents which led to his child being removed from his care. (*Id*.) Purkhiser also alleges that the individuals currently having custody of his child, S.P., are unfit to care for the child. (*Id*.) Purkhiser asks the Court to reinstate

1

his full parental rights to S.P. (*Id*. at 6.) Until he is released from prison, Purkhiser requests that S.P. be placed in the care and custody of his aunt. (*Id*.)

This Court lacks subject matter jurisdiction over Purkhiser's petition. 28 U.S.C. § 2254 authorizes federal jurisdiction over claims by a person "in custody in violation of the Constitution or laws or treaties of the United States." An applicant must be "in custody" in order to establish subject matter jurisdiction for purposes of habeas corpus review. *See Rasul v. Bush*, 542 U.S. 466, 473–74 (2004). Purkhiser is not in custody pursuant to the state child custody proceedings. Rather, his present custody is due to a criminal conviction of Tampering with Witnesses and Informants, handed down in Montana Nineteenth Judicial District, Lincoln County, on September 12, 2022.[1] Furthermore, habeas corpus jurisdiction does not lie for challenges to a state court decision involving parental rights and child custody. *Lehman v. Lycoming Cnty. Children's Servs.*, 458 U.S. 502, 510–12 (1982). Accordingly, the Court lacks subject matter jurisdiction over the present petition. Pursuant to Rule 4, summary dismissal proves appropriate.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Section 2254 Rules. A COA should issue as to those claims on which a petitioner makes a "substantial

---

[1] *See* Montana Correctional Offender Network, https://app.mt.gov/conweb/Offender/3033145/638029121937644495/eee71118c48b45f466b0dd60c4a49847de499578 (last visited Nov. 1, 2022).

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Purkhiser has failed to make a substantial showing that he was deprived of a federal constitutional right. Further, because the Court lacks subject matter jurisdiction, reasonable jurists would find no reason to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

### ORDER

1. Purkhiser's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.
2. The Clerk of Court is directed to enter a judgment of dismissal.
3. A certificate of appealability is **DENIED**.

DATED this 1st day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court